IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 25 2013

JAMES W. McCORMACK, CLERK
By:_____
                                    DEP CLERK

WILMA YOUNG,

Plaintiff,

vs.                                                              COMPLAINT

                                                                 Civil Case No. 4:13cv0564-SWW

REMINGTON ARMS CO., LLC

200 First Stamford Place                                         JURY TRAIL DEMANDED

Stamford, CT 06902
                                                                 This case assigned to District Judge Wright
Defendant                                                        and to Magistrate Judge Valpi

   Comes now the Plaintiff Wilma Young ("**Plaintiff**" or "**Young**"), by (Pro **Se**) for her Complaint against Defendant Remington Arms Co., LLC, ("**Defendant**" or "**Remington**") states as follows:

INTRODUCTORY STATEMENT

1. This is an action to redress employment-related race, age discrimination, harassment, and retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C.{2000e, et seq., the Equal Employment Opportunity Act ("EEOA") ( as amended by the Civil Rights Act 1991), the Age Discrimination in Employment Act (ADEA), 21 U.S.C. { 621, et seq., and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. { 16-123-101, et seq.; for full back pay, front pay, liquidated damages, benefits, emotional distress, punitive damages, costs and attorney's fees, and any and all other benefits to which the Plaintiff would have been entitled had she not been the victim of race, harassment, age discrimination and retaliation in the workplace. Upon information and belief, plaintiff respectfully alleges as follows:

2. Defendant Remington Arms Co. LLC; at all times during the time in department of **CenterFire** with the supervisor **"Chris Hart"** the Plaintiff's employment, has engaged in discriminatory treatment of Plaintiff based on her race, age discrimination, harassment, and retaliation against her for complaints of discriminatory treatment, by terminating her employment, in violation of 42 U.S.C. 2000e {et seq.; ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. {621, et seq. ("**ADEA**"), the Arkansas Civil Rights Act, Ark. Code Ann. {16-123-101, et seq. ("**ACRA**"), and other applicable state law. Plaintiff seek redress for injuries she has sustained as a result of Defendant's discriminatory employment practices, including (a) disparate treatment on the basis of race, age discrimination, harassment, and retaliation; (b) discriminatory policies, practices, and procedures in selection, promotion for hire after a year of working through the (Staffmart Temporary Services) which their a client of, which advancement of Plaintiff, based on her race, age, harassment, and retaliation.

## JURSIDICTION AND VENUE

3. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. {1331, 1343 (3) and (4), the Equal Employment Opportunity Act ("EEOA") (as amended by the Civil Rights Act of 1991) and the Arkansas Civil Rights Act. Code Ann, {16-123-101, et seq.
Plaintiff also seeks a permanent injunction and a declaratory judgment under 28 U.S.C. {2201 and 2202, declaring that the Defendants discriminated and retaliated against the Plaintiff in the terms and conditions of her employment.

4. Venue herein is proper under 28 U.S.C. {1391(b) and 42 U.S.C. {2000e-5(f)(3), et seq., as amended and the unlawful employment practices were committed within the State of Arkansas, in the Eastern District.
5. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.
6. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination based on Race, Age, Harassment and Retaliation on **July 17, 2012**. A copy of that **Charge, #493-2013-00199** is attached hereto as **Exhibit "A"** and incorporated herein by reference.
7. The **EEOC** issued to **Plaintiff a Right to Sue** on her charge of discrimination on **June 27, 2013**. A copy of the Notice is attached hereto as **Exhibit "B"** and incorporated herein by reference.

## PARTIES

8. **Plaintiff** is a citizen of the **United States** and a **resident of Pulaski County, Arkansas**. Plaintiff is a person of aged, 56, and therefore she is a protected person within the meaning of Title VII, the ADEA, and the Arkansas Civil Rights Acts.
9. **Defendant** is a for profit corporation incorporated under the laws of the **State of Connecticut**, doing business in the **State of Arkansas**, with a principal place of business at **200 First Stamford Place, Stamford, CT 06902**, but with an **Office** or **Manufacturing Business** located at all times during Plaintiff's employment at **I-40 & Hwy 5, Lonoke County, Arkansas 72086.** Defendant may be served by and through its **Personnel Office**, The Remington Arms Company, I-40 & Hwy 5, Lonoke, Arkansas 72086,**Mrs. Norma Dunn**, **Personnel /Human Resource Manager** are who's ever available to received  noticed.
10. Defendant is an employer within the meaning of Title VII, the ADEA, and the ACRA, as it employed more than (100) individuals during the relevant time period.

## COUNT I

### TITLE VII- RACE DISCRIMINATION

16     Plaintiff restates and incorporates herein by reference the preceding paragraphs of her complaint as set forth herein verbatim.

17.    Plaintiff is a member of a protected class

18.    During the employment, Plaintiff was denied referral and employment opportunities based on her race, being an African American business owner was a conflict of Interest that was she was told by her supervisor (**Chris Hart**)! Ask me what are I doing working out here and I already had a (**Business**) and the racist way he said it.

Ask me did the vehicle that I drove up on the park lot that he saw outside belong to me? Which had the advertising of my business on it, and then he said; what are you working here for?

19.    Plaintiff was denied the opportunity to perform her job with younger people because of racial issues that the supervisor allowed. She was specifically advised that certain clients wouldn't work well with me because they wouldn't put up with me.

20.    The Defendant Supervisor "Chris Hart" allow me to work in a hostile environment with White American who felt they could argue and say negative thing toward me because they were white young spoiled adult that wanted to have their way and they were superior over African American people and he allow it.

21.    As the result of these actions on the part of the Defendant, Plaintiff suffered as adverse employment action in that she was unable to meet her require "draw" due to inadequate performance as a worker, when he had trouble out of white employee he would put me in their place to do their job, because they were producing bad work, but those was some of the same one he refer for full time (Hire) employee.

22.    Plaintiff was subjected to unreasonable demands to cure the deficiency between her work and draw by her supervisor. Chris would move me up to do the job, when the other one refused to go, he would sent me.

As a result of the disparate treatment of Plaintiff due to her race, Plaintiff was not only deprived on an opportunity to be prefer are consider for a (Hire) as a full-time employee why the company was hiring at the time.

## COUNT II

### ADEA- AGE DISCRIMINATION

23. Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as set forth herein verbatim.

24. Plaintiff is a member of a protected class (age 56).

25. During her employment many of the younger person were refer and hired by the company and many of them had come months and a year after I had work there wish were 40 years are younger. And all of them were refer by the Defendants Supervisor where I work at.

26. During the hiring and interview in the month of July 2012, many of the younger people taken the test and interview before me.

### Count III

### TITLE VII AND RETALIATION

27. When Plaintiff complained that she was treated differently and that she perceived that she was treated differently because of her age and race, her employment was terminated effective July 17, 2012. I had reported to the Defendants supervisor (Boss), personnel (Loretta), Norma Dunn; HR, Staffmart; Stacy Groom, Dana Troutant, the treatment that I received from Chris Hart.

Which Chris Hart has been sent home for the use of Drugs in his system?

I have work for one year and two with the Defendant Company and miss one day of work, work over when other younger people wouldn't. I never was layoff during the slow season at Remington Arms, because of being a good worker, given bonus for work performance. Says that I was wrongful termination for being of age.

## Damages

26.     Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as if set forth herein verbatim.

27.     As a direct and proximate results of the actions of the Defendants the Plaintiff has suffered damages in an amount in excess of the minimum amount for federal diversity jurisdiction to be determined by a jury for the following elements:

   a.     Emotional Distress;

   b.     Lost reputation;

   c.     Lost hiring or promotional opportunities, salary and benefits;

   d.     Lost wages and benefits;

   e.     Loss employment; and

   f.     Compensatory and punitive damages

**WHEREFORE**, Plaintiff prays this Court grant the following relief:

   a. Grant Plaintiff a trial by jury;
   b. A declaratory judgment that the actions of the Defendant violated Plaintiff's civil rights;
   c. Grant a permanent injunction prohibiting the Defendant from engaging in the policies and practices complained of herein;
   d. Award compensatory and punitive damages, where appropriate in connection with Plaintiff's claims of violations of the Civil Rights Act of 1964 as amended by the Civil Rights of 1991, the Age Discrimination in Employment Act, and the Arkansas Civil Rights for, among other damages:

   - Emotional Distress;
   - Lost Reputation;
   - Lost or promotional opportunities, salary, and benefits;
   - Loss of wages and benefits;
   - Lost employment; and
   - Compensatory and punitive damages.

   e. Award attorney's fees and expenses incurred in this litigation;
   f. Award pre- and post-judgment interest; and
   g. Award any and all other relief to which Plaintiff is or may be entitled.

Respectfully submitted,

Wilma Young, Pro Se
P.O. Box 9281
North Little Rock, AR 72119
T: (501) 541-8208
E-mail: younglookstudio@att.net

By: Wilma J. Young, Plaintiff

*/s/ Wilma J. Young*

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Wilma J. Young  
P O Box 9281  
North Little Rock, AR 72114

From: Little Rock Area Office  
820 Louisiana  
Suite 200  
Little Rock, AR 72201

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2013-00199 | Tyrone Y. Blanks, Investigator | (501) 324-5083 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

William A. Cash, Jr.,  
Area Office Director

JUN 27 2013 *(Date Mailed)*

Enclosures(s)

cc: Catherine P. Wall, Esq.  
Associate General Counsel  
REMINGTON ARMS CO., LLC  
200 First Stamford Place  
Stamford, CT 06902

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*